PRODUCE REPORTER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24044. Promulgated April 10, 1952.

*James R. Oberly*, *Esq.*, and *William W. McKittrick*, *Esq.*, for the petitioner.

*William Schwerdtfeger*, *Esq.*, for the respondent.

[black box]

OPINION.

HILL, *Judge:* The first issue presented is whether the two profit-sharing plans of petitioner meet the requirements prescribed by section 165 (a) of the Internal Revenue Code. From the opening statement of counsel for the petitioner, fully concurred in by counsel for the respondent, the only issue requiring consideration is whether the profit-sharing plans fail to meet the requirements of section 165 (a) because they provide no definite, predetermined basis for determining the profits to be shared.

The primary contention of petitioner is that neither section 165 (a), which prescribes the requirements necessary to qualify a plan as a 165 (a) trust, nor section 23 (p), governing the allowable deductions

for contributions to such trusts, makes any reference to the require-ment of a definite, predetermined formula; and that the only require-ment that there be such a formula is contained in Treasury Regulations 111, section 29.165–1. Petitioner, therefore argues that, as Congress has expressly prescribed, in section 165 (a), the require-ments necessary to qualify an exempt trust, the regulation in question, in so far as it provides for an additional requirement, is unreasonable and an invalid exercise of administrative authority.

The respondent contends that the validity of the regulation has been upheld in *Lincoln Electric Co. Employees' Profit-Sharing Trust*, 14 T. C. 598, and *Wooster Rubber Co.*, 14 T. C. 1192. In the *Lincoln Electric Co.* case, *supra*, we held that the profit-sharing trust there in question was not an exempt trust within the purview of section 165 (a), sustaining the regulation requiring the plan to be permanent and based on a definite, predetermined formula for determining the profits to be shared. The United States Court of Appeals for the Sixth Circuit reversed, and held the trust to be exempt (190 F. 2d 326). The *Wooster Rubber Co.* case, *supra*, was reversed, but on other grounds (189 F. 2d 878). In the *Lincoln Electric Co.* case, *supra*, the Court of Appeals, while indicating that, if the regulations must be interpreted as limiting the exemption, they are invalid additions to the law, premised its decision on other grounds. It said:

Section 165 (a) and, of necessity, any regulation adopted for its implementa-tion, must be interpreted in the light of the statutory scheme. Tavannes Watch Co. Inc. v. Commissioner, 2 Cir., 176 Fed. (2d) 211. There the court pointed out that the Act was primarily designed to insure that profit-sharing plans be operated for the welfare of the employees in general and to prevent the trust device from being used for the benefit of the shareholders, officials or highly paid employees, and to insure that it shall be impossible for any part of the corpus or income to be used for purposes other than the exclusive benefit of the employees. These purposes are materialized in the present trust. That they should be liberally implemented is, we think, also the teaching of § 23 (p).

In view of the narrow issue submitted for our consideration, we think the purposes as above set forth by the Court of Appeals are likewise "materialized" in the two profit-sharing trusts established by petitioner. We therefore conclude and hold that petitioner's two profit-sharing trusts are exempt trusts within the purview of section 165 (a). So holding, we deem it unnecessary to pass upon the va-lidity of the respondent's regulations. The contributions which peti-tioner made to such trusts in the respective taxable years involved are deductible to the extent provided in section 23 (p) of the Code.

The remaining issue presents the limited question whether petitioner is entitled to deduct, in the taxable years 1944, 1945, and 1946, amounts authorized and accrued as bonuses, when the payments were made to the employees in the year subsequent. The amounts involved are not in dispute. Petitioner was on the accrual basis of accounting.

The evidence establishes that since 1930 petitioner has followed the custom of paying year-end bonuses. In each of the respective taxable years involved petitioner's board of directors authorized the payment of bonuses. Around Christmas the employees were advised that a bonus would be paid, and prior to the end of the year, the secretary of petitioner talked with each employee and advised him of the exact amount he was to receive in the following year. Each employee was also advised that the payments were to be made in installments, but in the event he left petitioner's employ he would forfeit the unpaid balance which would be prorated among the remaining employees. Prior to the end of each of the respective taxable years an accounting entry was made accruing as a liability the total amount the employees had been advised they would receive. Petitioner contends that a fixed, definite obligation to pay the bonuses was incurred in the respective years of accrual. We agree. We therefore hold that the amounts of $6,111.36, $5,660.97, and $11,770.15 were properly accrued in the respective taxable years 1944, 1945, and 1946, and are deductible as ordinary and necessary business expenses under section 23 (a) (1) (A) of the Code.

Reviewed by the Court.

*Decision will be entered under Rule 50.*